UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ALAN JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-12266** |
| **DEVALIER-FLIMYN, ET AL.** | **SECTION: "D"(1)** |

# REPORT AND RECOMMENDATION

Plaintiff, Christopher Alan Jackson, a state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

In this lawsuit, plaintiff sued Orleans Parish Criminal District Court Judge Tracey Flemings-Davillier (incorrectly identified in the complaint as "Devalier-Flimyn") and Section B of the Orleans Parish Criminal District Court, claiming that his rights were violated in his state criminal proceedings relating to his 2014 arrest and subsequent conviction.[1]

---

[1] The Court notes that plaintiff previously filed a similar lawsuit against Judge Flemings-Davillier which was dismissed with prejudice as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief. Jackson v. Flimyn, Civ. Action No. 19-00058, 2019 WL 1177733 (E.D. La. Feb. 12, 2019), adopted, 2019 WL 1160823 (E.D. La. Mar. 13, 2019).

## I.  Screening Standards

Plaintiff filed this federal civil action *in forma pauperis*.  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A.  That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that the complaint be dismissed for the following reasons as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II.  Plaintiff's Claims

In this lawsuit, plaintiff asks that this federal court order his immediate release and award him monetary damages. For the following reasons, he is not entitled to either of those forms of relief.

## A.  Immediate Release

To the extent that plaintiff is requesting that the Court order that he be released from custody, that form of relief simply cannot be granted in a federal civil rights action brought pursuant to 42 U.S.C. § 1983. When a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279,

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

283 n.4 (5th Cir. 1994).  Moreover, it would be futile to construe the complaint in part as a federal habeas corpus petition for the following reasons.

An individual confined pursuant to a state court judgment must first exhaust his remedies in the state courts before seeking habeas corpus relief in the federal courts.  28 U.S.C. § 2254(b)(1). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).  On September 16, 2019, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that plaintiff has filed no applications whatsoever in that court concerning the state criminal proceedings stemming from his 2014 arrest and subsequent conviction.  Therefore, he would not be entitled to federal habeas corpus relief at this time.[3]

### B.  Monetary Damages

### 1.  Claims Against Judge Flemings-Davillier

### a.  Official-Capacity Claims

Because Judge Flemings-Davillier is a state official, any claim for monetary damages asserted against her in her official capacity is actually a claim against the state itself.  As such, it is barred by the Eleventh Amendment.[4]  See Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183,

---

[3] Plaintiff may, of course, subsequently file a federal habeas corpus petition.  However, he must first exhaust his remedies in the state courts, and any federal petition must be filed in a timely manner in accordance with federal law.
[4] The United States Fifth Circuit Court of Appeals has held:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. ...  By statute, Louisiana has refused any ... waiver of its Eleventh

188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) ("A judgment against [the defendant state court judge] in her official capacity would be satisfied out of the state treasury.  La. Rev. Stat. Ann. § 13:5108.1.  Therefore, any official-capacity claims against her are in reality claims against the state itself, and, therefore, are barred by the Eleventh Amendment."); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

### b.  Individual-Capacity Claims

Any claims for monetary damages asserted against Judge Flemings-Davillier in her individual capacity are barred by her absolute judicial immunity.  See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e take as settled law the proposition that in the *vast* majority of § 1983 cases in which judges are named as defendants, judicial immunity will bar the action. Moreover, … we can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007).

---

Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
  Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (citations and quotation marks omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999).

**2.  Claims Against Section B of the Orleans Parish Criminal District Court**

To the extent that plaintiff is also separately naming Section B of the Orleans Parish Criminal District Court as a defendant, that is improper for two reasons.

First, a state court is not a "person" or a juridical entity capable of being sued under 42 U.S.C. § 1983.  Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("[S]tate courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir. 1976); Dunn v. Louisiana, Civ. Action No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), adopted, 2011 WL 445684 (E.D. La. Feb. 3, 2011); Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); Knight v. Guste, Civ. Action No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).

Second, claims against a state court are likewise barred by the Eleventh Amendment.  See, e.g., Dunn, 2011 WL 446651, at *3; Wilkerson v. 17th Judicial District Court, Civ. Action No. 08-1196, 2009 WL 249737, at *3-4 (E.D. La. Jan. 30, 2009); Rackley v. Louisiana, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007); see also Jefferson v. Louisiana State Supreme Court, No. 01-31275, 2002 WL 1973897 (5th Cir. Aug. 9, 2002); Southern Christian Leadership Conference v. Supreme Court of State of Louisiana, 252 F.3d 781, 782 n.2 (5th Cir. 2001); Landers Seed Co., Inc. v. Champaign National Bank, 15 F.3d 729, 731-32 (7th Cir. 1994); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993).

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint seeking relief pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on

which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___2nd___ day of October, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**